IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY M. GEORGE | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC. | ) | |
| and | ) | |
| WEST ASSET MANAGEMENT, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT**
**UNLAWFUL DEBT COLLECTION PRACTICES**

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

4. Plaintiff Larry M. George is an adult individual residing at 16560 E. State Road 46, Columbus, IN 47203.

5. Defendant NCO Financial Systems, Inc. ("NCO") is a business entity regularly engaged in the business of collecting debts with its principal place of business located at 507

Prudential Road, Horsham, PA 19044. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant West Asset Management, Inc., ("West") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 11808 Miracle Hills Drive, Omaha, NE 68154. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## IV. FACTUAL ALLEGATIONS

7. At all pertinent times hereto, Defendants were hired by Craven Regional Medical Center Emergency Room, to collect a debt relating to a consumer visit that were allegedly originally owed to Craven Regional Medical Center Emergency Room by Plaintiff (hereafter the "debt").

8. The alleged debt at issue arose out of a transaction that was primarily for personal, family or household purposes.

9. On or about August 19, 2009, Plaintiff became aware that NCO/MEDCLR was reporting a $772.00 debt on his Experian credit report. Plaintiff contacted NCO and was told that the debt arose from an emergency room visit in or about September 2005 from Craven Medical Center, E.R.. Plaintiff contacted the Medical Center and requested copies of his records so that he could dispute the amount of the debt to NCO and the credit bureaus.

10. Notwithstanding the above, on or about August 24, 2009, Plaintiff contacted NCO and spoke with a representative, agent or employee of NCO who identified herself as "Jessica". Jessica told Plaintiff that NCO would settle the debt for $385.00 to be paid in two equal

installment. Plaintiff told Jessica that he needed to discuss the issue with his wife and that he would contact Jessica at a later time.

11. Notwithstanding the above, on or about August 24, 2009 NCO contacted Plaintiff at his place of residence two times throughout the day in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

12. Notwithstanding the above, on or about August 25, 2009 NCO contacted Plaintiff at his place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

13. Notwithstanding the above, on or about August 28, 2009 NCO contacted Plaintiff at his place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

14. Notwithstanding the above, on or about September 2, 2009 NCO contacted Plaintiff at his place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

15. Notwithstanding the above, on or about September 3, 2009 NCO contacted Plaintiff at his place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

16. Notwithstanding the above, on or about September 8, 2009 Defendant contacted Plaintiff at his place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted. During this conversation, Plaintiff explained to Jessica that he did not have the money to pay the debt right away and that, until his dispute concerning the account was resolved, Plaintiff was not going to pay anything. In response, Jessica falsely informed Plaintiff that he was no longer allowed to settle the case for anything

less than the original amount of $772.00.

17. Notwithstanding the above, on or about September 16, 2009 NCO contacted Plaintiff at his place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted. During this telephone conversation, Jessica told Plaintiff that NCO was having a special for North Carolina residents (even though Plaintiff lives in Indiana). Jessica stated that for one night only, Plaintiff could settle for $250.00 but it had to be done that night. NCO stated that the total amount could be paid in two payments and the first payment would be due until September 30, 2009. The second payment would be due on October 2, 2009. Plaintiff gave NCO his account information so that NCO could take the two payments on the dates discussed.

18. On or about September 22, 2009, Plaintiff received investigation results from his dispute of the NCO/MEDCLR account to Experian. As a result of its investigation, Experian deleted the account from his credit. Plaintiff then contacted NCO who confirmed that it had in fact been deleted. Plaintiff further advised NCO that no withdrawals were to be made from his checking account. NCO agreed that no money would be taken from his account.

19. On or about September 28, 2009, Plaintiff contacted NCO a second time to confirm that, since the NCO/MEDCLR account had been deleted from his Experian credit report, no money would be taken from his account on September 30, 2009. Plaintiff was particularly concerned because he and his wife needed the money to able to pay their bills for the month.

20. On September 30, 2009, no withdrawals were made from Plaintiffs account by NCO.

21. However, on or about October 1, 2009, West impermissibly withdrew $137.50 from Plaintiff's checking account (NCO sold/passed off the account to West between September

22, 2009 and September 30, 2009).  Plaintiff contacted NCO, who informed him that it was West that withdrew the money not NCO.  Plaintiff then contacted West and demanded his money back but West refused to refund his money.   Plaintiff then spoke to NCO again and demanded that NCO return his money.

22. To date, the $137.50, withdrawn from Plaintiff's checking account by West has not been returned to Plaintiff.

23. Defendants acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such persons in connection with the collection of a debt.

24. The Defendants acted in a false, deceptive, misleading and unfair manner by harassing, oppressing and abusing Plaintiff including, but not limited to, repeatedly and continuously contacting the above person with the intent to annoy, abuse, and harass such person contacted

25. The Defendants acted in a false, deceptive, misleading and unfair manner by misrepresenting the amount, character or legal status of a debt.

26. The Defendants acted in a false, deceptive, misleading and unfair manner by withdrawing $137.50 from Plaintiff's checking account notwithstanding the fact that the debt was not his responsibility, that had been deleted from Plaintiff's credit report and that Defendants knew that Plaintiff had instructed them that the money not be withdrawn.

27. Defendants knew or should have known that their actions violated the FDCPA.  Additionally, Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

28. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

29. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

30. As a result of Defendants' conduct, Plaintiff has sustained actual damages including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, out-of-pocket expenses, damage to Plaintiff's credit, physical, emotional and mental pain and anguish and pecuniary loss, and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V. **FIRST CLAIM FOR RELIEF-VIOLATION OF THE FDCPA**

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

33. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

34. The above contacts between Defendants and Plaintiff are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

35. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, violations of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(a), 1692e(10) and 1692f, as evidenced by the following conduct:

    (a)    Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

    (b)    The false representation of the character, amount or legal status of any debt;

    (c)    The use of false, deceptive, or misleading representation or means in connection with the collection of the debt; and

    (d)    Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

36. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

37. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

    (a)    That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    (b)    That judgment be entered against Defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    (c)    That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

    (d)    That the Court grant such other and further relief as may be just and proper.

## VI. SECOND CLAIM FOR RELIEF – CONVERSION

38. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

39. Plaintiff possessed the right to the above-described property, namely the $137.50 that Defendants took, without authorization, from his checking account.

40. Defendants wrongfully interfered with said property right when they caused Plaintiff's funds to be withdrawn from his checking account.

WHEREFORE, Plaintiff claims compensatory, punitive and all other forms of cognizable damages against Defendants and judgment in his favor, plus lawful interest thereon, attorney's fees and costs of suit.

## VII. JURY TRIAL DEMAND

41. Plaintiff demands trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED,**

**FRANCIS & MAILMAN, P.C.**

BY:  */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
JOHN SOUMILAS, ESQUIRE
GEOFFREY H. BASKERVILLE, ESQ.
Attorneys for Plaintiff
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

DATE: January 6, 2010